IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GILBERT GONZALES, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.     No. 5:20-cv-568

**QUALITY RESIDENTIAL & COMMERCIAL**     **DEFENDANTS**
**PAINTING, INC., and RICHARD ZARAZINSKI**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Gilbert Gonzales ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Quality Residential & Commercial Painting, Inc., and Richard Zarazinski (collectively "Defendants"), he does state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all other similarly situated employees lawful overtime compensation for hours worked in excess of forty (40) per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra.*

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the State of Texas has personal jurisdiction over Defendant, and Defendants therefore "reside" in Texas.

6. Plaintiff was employed by Defendants at Defendants' painting business located in Bexar County. Therefore, the acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is a resident and citizen of Bexar County.

8. Separate Defendant Quality Residential & Commercial Painting, Inc. ("QRCP"), is a domestic, for-profit corporation.

9. QRCP's registered agent for service is Richard Allen Zarazinski, at 8335 Greenham, San Antonio, Texas 78239.

10. Separate Defendant Richard Zarazinski ("Zarazinski") is an individual and resident of Texas.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Zarazinski is an owner, principal, officer and/or director of QRCP.

13. Zarazinski manages and controls the day-to-day operations of QRCP, including but not limited to the decision to not pay Plaintiff a sufficient overtime premium for hours worked in excess of forty (40) per week

14. At all times relevant, Zarazinski had the power to hire and fire QRCP's employees and supervised and set wages and wage policies for QRCP's employees.

15. Defendants acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff.

16. Defendants operate a painting business in Bexar County.

17. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as tools and paint.

18. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

19. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), at all times relevant to this lawsuit.

20. Plaintiff was employed by Defendants as a Painter from March of 2003 to

March of 2020.

21. At all relevant times, Defendants directly hired Painters; paid them wages; controlled their work schedules, duties, protocols, applications, assignments and employment conditions; and kept at least some records regarding their employment.

22. During the relevant time period, Defendants classified Plaintiff and other Painters as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

23. Plaintiff and other Painters regularly worked over forty hours per week.

24. Defendant paid Plaintiff and other Painters their regular rate for hours worked over forty in a week. In other words, Defendant did not pay Plaintiff and other Painters an overtime premium for hours worked over forty in a week.

25. Defendant automatically deducted a thirty-minute lunch each day, despite the fact that Plaintiff and other Painters were regularly required to work through lunch.

26. If Plaintiff and other Painters arrived late to work, Defendant penalized them by punitively deducting from their wages.

27. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including failing to pay them an overtime premium of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) per week.

28. At all times relevant hereto, Defendants were aware of the overtime requirements of the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

30. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

31. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. An overtime premium for all hours worked in excess of forty (40) per week;

    B. Liquidated damages; and

    C. Costs of this action, including attorney's fees.

32. The proposed class of opt-in plaintiffs is preliminarily defined as follows:

**All Painters within the past three years.**

33. The proposed FLSA collective members are similarly situated in that they share these traits:

    A. They performed the same or similar job duties;

    B. They were classified by Defendants as nonexempt from the overtime requirements of the FLSA and paid hourly rates;

    C. They were subject to Defendants' common policy of not paying a proper overtime premium for all hours worked over forty (40) per week;

    D. They were subject to Defendants' common policy of deducting meal breaks whether or not a break was taken; and/or

    E. They were subject to Defendants' common policy of deducting from hours worked as a penalty for arriving late to work.

34. At all relevant times, each member of the putative class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

35. Plaintiff is unable to state the exact number of the class but believes the number to be more than ten (10) individuals. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

36. Each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

38. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

39. Defendants' actions in denying overtime wages to Plaintiff and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## VI. FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiff, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

42. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

43. At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

44. At all relevant times, Defendants were "employers" of Plaintiff and all similarly situated employees, as defined by 29 U.S.C. § 203(d).

45. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46. At all relevant times, Defendants willfully failed and refused to pay a proper overtime premium to Plaintiff and other similarly situated employees for all hours worked over forty (40) per week.

47. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all other similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII. SECOND CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

49. At all relevant times, Plaintiff have been entitled to the rights, protection, and benefits provided by the FLSA.

50. At all relevant times, Plaintiff has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

51. At all relevant times, Defendants were "employers" of Plaintiff as defined by 29 U.S.C. § 203(d).

52. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

53. Defendants willfully failed and refused to pay Plaintiff a proper overtime premium for all hours worked over forty (40) per week.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Gilbert Gonzales, individually and on behalf of all others similarly situated, respectfully requests this Court to grant the following relief:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.     Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid compensation under the FLSA and its related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.     An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**GILBERT GONZALES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com